**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James E. Berwick; Affiliates in Oral and Maxillofacial Surgery, P.C.,<br><br>        Plaintiffs,<br><br>vs.<br><br>Hartford Fire Insurance Company,<br><br>        Defendant. | No. MC 12-00055-PHX-FJM<br><br>**ORDER** |

The court has before it defendant's motion to compel compliance with subpoena duces tecum to Roberta Jackson (doc. 1), Roberta Jackson's motion to quash the motion to compel (doc. 11), defendant's reply in support of motion to compel and response to motion to quash (doc. 12), and Jackson's reply (doc. 13).

Defendant and plaintiff James Berwick disagree over the amount of business interruption insurance benefits defendant owes plaintiff following a fire at plaintiff's oral surgery office in Colorado Springs, Colorado. This dispute is currently being litigated in the United States District Court for the District of Colorado. At the time of the fire, Jackson was Dr. Berwick's primary accountant. In a report prepared for defendant, she estimated Dr. Berwick's loss of income due to the fire to be $416,912. Plaintiffs list her as a non-retained expert in the Colorado action. Defendant's subpoena seeks her entire file for plaintiffs from five years before the fire and each year thereafter, all correspondence between Dr. Berwick

1 or plaintiffs' representatives from five years before the fire and each year thereafter, all
2 documents mentioning a buy-sell agreement between Dr. Berwick and any other person, and
3 all documents related to the loss of income report. Jackson claims it would be an undue
4 burden for her to produce these documents, because they are in Colorado and she lives in
5 Arizona. She also claims some of the information does not exist or has been substantially
6 produced.

7     Pursuant to Rule 26(b)(1), Fed. R. Civ. P., a party "may obtain discovery regarding
8 any nonprivileged matter that is relevant to any party's claim or defense." "The scope of
9 discovery under a Rule 45 subpoena to non-parties is the same as that permitted under Rule
10 26." Lewin v. Nackard Bottling Co., No. CV-10-8041-PCT-FJM, 2010 WL 4607402, at *1
11 n.1 (D. Ariz. Nov. 4, 2010). Relevance "has been construed broadly to encompass any
12 matter that bears on, or that reasonably could lead to other matter that could bear on, any
13 issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351,
14 98 S. Ct. 2380, 2389 (1978). On the other hand, the court must quash or modify a subpoena
15 that "requires disclosure of privileged or other protected matter" or "subjects a person to
16 undue burden," Rule 45(c)(3)(A), Fed. R. Civ. P, or "requires a person who is neither a party
17 nor a party's officer to travel more than 100 miles from where that person resides." Rule
18 45(c)(3)(A)(ii), Fed. R. Civ. P.

19     Compliance with the subpoena here does not require Jackson to personally travel to
20 Colorado. Jackson does not contend that the requested documents are protected by the
21 accountant-client privilege, but instead argues that compliance creates an undue burden.

22     "Whether a subpoena imposes upon a witness an 'undue burden' depends upon 'such
23 factors as relevance, the need of the party for the documents, the breadth of the document
24 request, the time period covered by it, the particularity with which the documents are
25 described and the burden imposed.'" Concord Boat Corp. v. Brunswick Corp., 169 F.R.D.
26 44, 49 (S.D.N.Y. 1996). "The burden of showing that a subpoena is unreasonable and
27 oppressive is upon the party to whom it is directed." Goodman v. United States, 369 F.2d
28 166, 169 (9th Cir. 1966). Jackson has not shown that the subpoena creates an undue burden.

The documents requested are relevant to defendant's contention that Jackson's estimated loss of income is inaccurate. Some documents, such as her first draft of the loss of income report, are not available from other sources. The breadth of the document request and time period covered are not overly broad. The documents requested are described with particularity. The burden on Jackson is not unduly high and can be alleviated by requiring defendant to bear the cost of compliance.

An order compelling production "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Rule 45(c)(2)(B)(ii), Fed. R. Civ. P. Defendant "is willing to pay the reasonable cost of compliance to retrieve the documents from storage." (Doc. 1 at 8). The best way to protect Jackson from significant expense is to accept defendant's invitation to bear the cost of compliance.

**IT IS ORDERED DENYING** Jackson's motion to quash (doc. 11).

**IT IS ORDERED GRANTING** defendant's motion to compel (doc. 1). Jackson shall comply with the subpoena. The parties shall cooperate with each other to minimize inconvenience. Defendant shall be responsible for paying Jackson's reasonable expenses resulting from compliance.

DATED this 11th day of July, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge